UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DESHAWN BELCHER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:18-cv-02042-TWP-DLP |
| | ) | |
| WENDY KNIGHT, | ) | |
| | ) | |
| Respondent. | ) | |

**ENTRY DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND DIRECTING ENTRY OF FINAL JUDGMENT**

The petition of DeShawn Belcher for a writ of habeas corpus challenges a prison disciplinary proceeding identified as WCC 17-07-0192. For the reasons explained in this Entry, Mr. Belcher's habeas petition must be denied.

**A.    Overview**

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky*, 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan*, 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal*, 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974).

## B.  The Disciplinary Hearing

On July 11, 2017, Investigator Tracy Cornett issued a Report of Conduct (Conduct Report) charging Mr. Belcher with a violation of Code 220, Engaging in Unauthorized Financial Transaction. Dkt. 7-1. The Conduct Report stated:

> On July 11, 2017 while monitoring offender phone calls, offender Deshawn Belcher 127557 placed a call to 260-200-0318 at 14:14pm on July 6, 2017. Offender Belcher asked the female if she had 30 minutes on hand. Belcher then instructed the female to call 260-440-0880 and give it to them.
>
> The number 260-440-0880 is on the phone list of offender Menelik Sizemore 166702.
>
> On July 6, 2017 at 20:04pm offender Sizemore asks Brandy Lee has anyone contacted her today. Ms. Lee replied that the Belcher family called for 3 Cheesecakes.
>
> The conversations are not consistent with minutes or cheesecakes, instead suggests code for currency.

*Id.*

On July 17, 2017, Mr. Belcher was notified of the charge, when he received the Conduct Report and the Screening Report. Dkts. 7-1, 7-2. He pleaded not guilty to the charge and requested a staff lay advocate. Dkt. 7-4. Mr. Belcher did not request any physical evidence. *Id.*

A hearing was held on August 4, 2017. Dkt. 7-4. Mr. Belcher pleaded not guilty to the charge of violating Code 220, Engaging in an Unauthorized Financial Transaction. *Id.* At the hearing, he stated that the other offender was supposed to ride with his family and that is why he provided the telephone number. *Id.* After considering the staff reports and Mr. Belcher's statement, the hearing officer found Mr. Belcher guilty of the charge. *Id.* The sanctions imposed included a loss of phone privileges, a deprivation of 60 days earned credit time, a demotion of one credit class, and imposition of a suspended sanction of loss of 60 days earned credit time. *Id.*

Mr. Belcher filed an appeal to the facility head, which was denied on August 31, 2017. Dkts. 7-5, 7-6. Mr. Belcher then appealed to the Final Review Authority, who denied his appeal on September 14, 2017. Dkt. 7-7. After the denial of his final appeal, Mr. Belcher brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## C. Analysis

In his petition, Mr. Belcher challenges the disciplinary conviction on grounds that Investigator Cornett's supervisor dated the Conduct Report a month prior to the date it was written, the "Disposition of physical evidence, if any" section of the Conduct Report was left blank, and the Conduct Report does not reflect that Mr. Belcher was notified that he was being written up for his conduct. Dkt. 1 at 4-8. Construing Mr. Belcher's petition liberally, he also presents a challenge to the sufficiency of the evidence underlying his disciplinary conviction. *Id.* at 5.

### 1. Exhaustion

A district court may not grant a state prisoner's petition for a writ of habeas corpus "unless it appears that" the petitioner "has exhausted the remedies available in" the state's courts. 28 U.S.C. § 2254(b)(1). When the petitioner "has not exhausted a claim and complete exhaustion is no longer available, the claim is procedurally defaulted," and the district court may not grant habeas relief based on it. *Martin v. Zatecky*, 749 F. App'x 463, 464 (7th Cir. 2019).[1] "To avoid procedural default, an Indiana prisoner challenging a disciplinary proceeding must fully and fairly present his federal claims to the facility head and to the Final Reviewing Authority." *Jackson v.*

---

[1] *See also Wilson-El v. Finnan*, 263 F. App'x 503, 506 (7th Cir. 2008) ("A petitioner is generally required to exhaust all of his available administrative remedies before seeking a writ of habeas corpus in federal court. If the petitioner fails to do so and the opportunity to raise that claim in state administrative proceedings has lapsed, the petitioner has procedurally defaulted his claim, and a federal court is precluded from reviewing the merits of his habeas petition.") (internal citations omitted); *Moffat v. Broyles*, 288 F.3d 978, 982 (7th Cir. 2002) ("That procedural default means . . . that state remedies were not exhausted, and precludes consideration of this theory under § 2254 . . . .").

*Wrigley*, 256 F. App'x 812, 814 (7th Cir. 2007) (citing *Moffat v. Broyles*, 288 F.3d 978, 981–982 (7th Cir. 2002) (holding that, because Indiana law does not provide for judicial review of prison disciplinary proceedings, § 2254(b)(1)'s exhaustion requirement demands that the prisoner present his claims at both levels of the IDOC's administrative appeals process)).

A court may excuse procedural default if the petitioner "can demonstrate cause for the default and prejudice, or that the failure to consider his claims would constitute a miscarriage of justice." *Martin*, 749 F. App'x at 464; *see also Coleman v. Thompson*, 501 U.S. 722, 750 (1991) ("In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.").

The respondent argues that the petitioner failed to exhaust the administrative appeals process with regards to his challenges to the date on the Conduct Report, the disposition of physical evidence, and whether Mr. Belcher was notified of the Conduct Report. *See* dkt. 7 at 5-7.

Mr. Belcher has not exhausted the administrative appeals process for these challenges. None of these arguments were presented in his appeal to the facility head. *See* dkt. 7-5. Although the record does not indicate what challenges Mr. Belcher asserted in his appeal to the final reviewing authority, his failure to present them during the first appeal precludes him from raising them now. *See Jackson*, 256 F. App'x at 814. Because the time to raise these issues on appeal has passed, these challenges are procedurally defaulted. *Moffat v. Broyles*, 288 F.3d 978, 981-92 (7th Cir. 2002). The Court will not address these arguments on the merits.[2]

---

[2] Even if the Court addressed the merits of Mr. Belcher's arguments, he is not entitled to habeas relief. All of his challenges allege violations of Indiana Department of Correction (IDOC) policies. A violation of

## 2. Sufficiency of the Evidence

Mr. Belcher makes an oblique challenge to the sufficiency of the evidence supporting the Conduct Report. *See* dkt. 1 at 5. Challenges to the sufficiency of the evidence are governed by the "some evidence" standard. "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison*, 820 F.3d at 274; *see Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted). The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat*, 288 F.3d at 981.

An offender violates Code 220 by:

> Engaging in or possessing materials used for unauthorized financial transactions. This includes, but is not limited to, the use or possession of identifying information of credit cards, debit cards, or any other card used to complete a financial transaction.

Indiana Dep't of Correction Adult Disciplinary Process Appendix I: Offenses, at 6 (effective June 1, 2015). An "unauthorized financial transaction" is "attempting or completing financial transactions, including the sending of monies from one offender to another or the sending of monies from the family/friends of one offender to another." *See* Inmate Trust Fund, IDOC Policy & Administrative Procedures 04-10-104, § IX (effective August 15, 2009), *available at* https://www.in.gov/idoc/files/04-01-104__AP_Inmate_Trust_Fund_8-5-09.pdf (last visited April 1, 2019).

---

IDOC policy is not a basis for habeas relief. *See Keller v. Donahue*, 271 F. App'x 531, 532 (7th Cir. 2008) (stating that inmate had "no cognizable claim arising from the prison's application of its regulations"). To the extent he alleges he was not notified of the charge against him, that claim is belied by the record. Mr. Belcher signed not only the Conduct Report indicating receipt, but also the Screening Report indicating notification of the disciplinary case against him. *See* dkts. 7-1, 7-2.

Here, the Conduct Report provides sufficient evidence to support the conclusion that Mr. Belcher violated Code 220. It detailed a conversation wherein Mr. Belcher asked a female to give "30 minutes" to a specific phone number. Dkt. 7-1. It also detailed a conversation between another offender and someone at the phone number given by Mr. Belcher wherein the other offender learns that "the Belcher family called for 3 Cheesecakes." *Id.* The investigating officer concluded the references to "minutes" and "Cheesecakes" were "codes for currency." *Id.* The hearing officer was permitted to rely on the Conduct Report to conclude that Mr. Belcher engaged in an unauthorized financial transaction by having someone send money to the family or friends of another offender.

Mr. Belcher is not entitled to habeas relief on the ground that there is no physical evidence to support his conviction. Due process requires this Court to determine "whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56. The Conduct Report "alone" can "provide[] some evidence for the . . . decision." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). As discussed above, the Conduct Report provides sufficient evidence to uphold Mr. Belcher's conviction. In such a circumstance, no physical evidence is required.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Belcher to the relief he seeks. Accordingly, Mr. Belcher's petition for a writ of habeas corpus must be **denied** and the action **dismissed**.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date:   4/2/2019

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

DESHAWN BELCHER
127557
PENDLETON - CORRECTIONAL INDUSTRIAL FACILITY
CORRECTIONAL INDUSTRIAL FACILITY
Inmate Mail/Parcels
5124 West Reformatory Road
PENDLETON, IN 46064

Frances Hale Barrow
INDIANA ATTORNEY GENERAL
frances.barrow@atg.in.gov